IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| ARRISTE LLC | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. ___5:21-cv-403___ |
| | § | |
| AIRROSTI REHAB CENTERS, LLC | § | |
| | § | |
| Defendant | § | |

## COMPLAINT

Plaintiff Arriste LLC ("Plaintiff" or "Arriste"), by and for its complaint against Defendant Airrosti Rehab Centers, LLC ("Defendant" or "Airrosti"), alleges as follows:

### NATURE OF THE ACTION

1.      This is an action for declaratory relief under 28 U.S.C. § 2201, *et. seq.*

2.      Specifically, Plaintiff is the holder of U.S. Trademark Registration No. 5,985,519 for the "ARRISTE" mark. Plaintiff seeks a declaration of validity of its U.S. Trademark Registration No. 5,985,519, as well as a declaration that its use does not violate the rights, if any, of Defendants in the mark "AIRROSTI."

3.      This action is necessitated by Defendant's filing of a Petition for Cancellation of the U.S. Trademark Registration No. 5,985,519 on February 1, 2021.

### THE PARTIES

4.      Plaintiff Arriste LLC ("Plaintiff") is, and all relevant times was, a limited liability company formed and existing under the laws of the State of California, having its principal place of business in Irvine, California.

5.      On information and belief, Defendant Airrosti Rehab Centers, LLC ("Defendant"), is and all times was, a limited liability company formed under the laws of the State of Oklahoma, having its principal place of business in San Antonio, Texas.

## JURISDICTION & VENUE

6.      This Court has federal question jurisdiction over the subject of this action pursuant to 15 U.S.C. §1121(a) and 28 U.S.C. §§1331 and 1338 (actions arising under the Lanham Act), and 28 U.S.C. §2201, et. seq. (actions for declaratory judgment).

7.      This Court has general and specific personal jurisdiction over Defendant because, on information and belief, Defendant resides and has substantial contacts in the State of Texas and within this judicial district, including by providing its services in numerous Texas locations, including within this judicial district. Furthermore, and on information and belief, Defendant has deliberately engaged in significant and continuous business activities within Texas.

8.      Venue is proper in this district, *inter alia*, pursuant to 28 U.S.C. § 1391(b) because, Plaintiff is informed and believes, and on that basis alleges, that defendant resides in this judicial district and a substantial part of the events or omissions giving rise to the claim occurred within this judicial district..

## FACTUAL BACKGROUND

### A.      The Parties

9.      Founded in 2018, Plaintiff is a premium fitness product company. Plaintiff does not offer any services, but instead focuses exclusively on sports performance products.

10.     Plaintiff's trade name, "Arriste" is derived from the Greek phrase "Aien Aristeuein," which translates to "Ever to Excel." The origin of the name has been present in Arriste's marketing and story since inception. The logo itself contains elements of the Greek letter

"alpha", muscle striations symbolized by the lines of the alpha, and the infinity symbol which represents "Ever to Excel." Plaintiff's branding is depicted below:



11.     Plaintiff uses its mark in commerce, including in this district, on its handheld percussive massager, training equipment (such as resistance bands, lifting straps, knee wraps, wrist/ankle cuffs, etc.) and clothing.




ARRISTE branded percussion massage device          ARRISTE mark on massager



ARRISTE branded men's shorts (apparel)



ARRISTE branded wrist straps (training equipment)

12.     Defendant, as described on its website, is "[a] safe and highly effective alternative to surgery, pain management, and long term chiropractic or physical therapy treatment programs." At the bottom of Defendant's website, Defendant states "'Airrosti' is the registered tradename used for Airrosti Rehab Centers, LLC and its various subsidiary and affiliated entities, **which provide musculoskeletal treatment services**. Airrosti providers are doctors of chiropractic or doctors of physical therapy." https://www.airrosti.com/ (emphasis added).

13.      Defendant promotes the services it offers in the San Antonio market specifically as having "been demonstrated to accurately diagnose and rapidly resolve the source of pain and injuries, helping patients quickly return to pain-free activity and avoid injury recurrence." https://www.airrosti.com/location/texas/asc/. Defendant focuses on in-person patient care for those with chronic and nagging pain, or acute injuries, providing one-on-one patient care.

14.     Defendant's website promotes the company as a rehabilitation center focused on "one-on-one time with every patient to thoroughly diagnose and help resolve the source of your pain through safe and effective soft tissue treatment." Defendant's stated mission is "[t]o deliver the best soft tissue treatment on the planet through health care providers with a genuine passion for healing patients and a support team driven to provide every resource possible to impact the lives of our patients."

15.     Defendant's branding is depicted below:



**B.**   **Plaintiff's Registered Trademark**

16.   On October 11, 2018, Plaintiff filed a U.S. Trademark Application Serial No.

88152286 to register the mark "ARRISTE" for goods and services related to:

> "IC 010. US 026 039 044. G & S: Electric massage appliances,
> namely, electric vibrating massager; Electronic stimulation
> apparatus for percussion therapy to muscles for physical therapy
> purposes; Massage apparatus; Massage apparatus and instruments;
> Massage apparatus for massaging injured muscles; Massaging
> apparatus for personal use; Vibrating apparatus used to stimulate
> muscles and increase strength and physical performance for health
> and medical purposes; Foot massage apparatus. FIRST USE:
> 20190711. FIRST USE IN COMMERCE: 20191206
>
> IC 025. US 022 039. G & S: Athletic apparel, namely, shirts, pants,
> jackets, footwear, hats and caps, athletic uniforms; Hats; Short-
> sleeved or long-sleeved t-shirts; Sports shirts; T-shirts. FIRST USE:
> 20190711. FIRST USE IN COMMERCE: 20190930
>
> IC 028. US 022 023 038 050. G & S: Vibrating apparatus used in
> fitness and exercise programs to stimulate muscles and increase
> strength and physical performance. FIRST USE: 20190711. FIRST
> USE IN COMMERCE: 20191206"
>
> Plaintiff's U.S. Trademark Application Serial No. 88152286 was
> published for opposition on March 5, 2019.

17.   Having received no opposition, including none from Defendant, and after

examination, the trademark examining attorney at the U.S. Patent and Trademark Office found no

conflicting marks, including Defendant's mark(s), that would bar registration of the "Arriste"

mark.

18.   On February 11, 2020, the U.S. Patent and Trademark Office issued U.S.

Trademark Registration No. 5,985,519 for the "ARRISTE" mark to Plaintiff.

19.   On or about July 7, 2020, more than sixteen (16) months after the publication for

opposition of Plaintiff's a U.S. Trademark Application Serial No. 88152286, Defendant, through

its counsel, sent a letter asserting a likelihood of confusion between Plaintiff's mark and Defendant's mark and demanding that Plaintiff cease and desist using its mark.

20.    On July 30, 2020, Plaintiff, through counsel, responded to Defendant's July 7, 2020, correspondence setting forth a detailed factual explanation why Plaintiff's mark does not infringe on Defendant's mark.

21.    Rather than timely address Plaintiff's July 30, 2020, correspondence, Defendant proceeded, on September 22, 2020, to submit an Application to Register a Foreign Limited Liability Company with the California Secretary of State, bearing filing number 202026710030.

22.    On October 30, 2020, ninety (90) days later, Defendant's counsel finally replied to Plaintiff's July 30, 2020 letter, reiterating the demands from the July 7, 2020 correspondence.

23.    By letter dated December 4, 2020, Plaintiff's counsel once again painstakingly detailed the inaccuracies and fallacies of Defendant's contentions.

24.    Thereafter, on February 1, 2021, nearly two years after Plaintiff's U.S. Trademark Application Serial No. 88152286 was published for opposition, Defendant file a Petition for Cancellation of the U.S. Trademark Registration No. 5,985,519.

25.    Defendant's Petition for Cancellation admits that it is a health care service provider that "employs and trains providers who specialize in delivering high quality, outcome-based musculoskeletal care under the brands AIRROSTI and AIRROSTI REHAB CENTERS (collectively, the "AIRROSTI Mark"), including physical rehabilitation, therapy services, and therapeutic exercise services."

26.    Defendant also attests that it uses its mark on, "adhesive tapes, pens and note pads, beverage containers, such as coffee mugs, plastic water bottles, plastic cups, and numbers; and clothing, such as t-shirts and hats."

27.     Given that Plaintiff is a premium fitness product company, focused on sports performance products, including percussion massagers, resistance bands, lifting straps, knee wraps, wrist/ankle cuffs and clothing, there is no likelihood of confusion in the "ARRISTE" mark because the parties provide entirely different and unrelated services and goods.

28.     Nevertheless, a dispute currently exists between the parties relative to their respective marks, and Defendant's demand for a cease and desist and cancellation of the Arriste trademark.

## COUNT I: DECLARATORY JUDGMENT OF VALIDITY OF
## U.S. TRADEMARK REGISTRATION NO. 5,985,

29.     Plaintiff hereby incorporates, by this reference, each and every allegation set forth in paragraphs 1 through 28, inclusive, as if set forth in full.

30.     An actual and justifiable controversy exists between the parties with respect to the validity of Plaintiff's U.S. Trademark Registration No. 5,985,519 for the "ARRISTE" mark.

31.     Defendant asserts that Plaintiff's U.S. Trademark Registration No. 5,985,519 for the "ARRISTE" mark is invalid and should be cancelled based on priority and likelihood of confusion.

32.     Plaintiff contends, on the other hand, that its U.S. Trademark Registration No. 5,985,519 for the "ARRISTE" mark is valid.

33.     Plaintiff seeks declaratory relief pursuant to 28 U.S.C. §2201 and *Federal Rules of Civil Procedure*, Rule 57, confirming the validity and enforceability of Plaintiff's U.S. Trademark Registration No. 5,985,519 for the "ARRISTE" mark.

## COUNT II: DECLARATORY JUDGMENT OF NON-INFRINGEMENT

34.     Plaintiff hereby incorporates, by this reference, each and every allegation set forth in paragraphs 1 through 33, inclusive, as if set forth in full.

35.    An actual and justifiable controversy exists between the parties with respect to Plaintiff' rights to the use of the mark "ARRISTE" in connection with its products.

36.    Defendant asserts that Plaintiff' use of the mark "ARRISTE" infringes upon Defendant's rights in its "AIRROSTI" mark.

37.    Plaintiff asserts that there is no likelihood of confusion between Defendant's  use of the "AIRROSTI" mark, and Plaintiff's use of the "ARRISTE" mark, and that Plaintiff's use of the "ARRISTE" mark does not infringe upon any of Defendant's trademark rights.

38.    Plaintiff seeks declaratory relief pursuant to 28 U.S.C. §2201 and *Federal Rules of Civil Procedure* Rule 57, confirming that Plaintiff's use of the "ARRISTE" mark in connection with its products does not infringe upon any trademark rights of Defendant.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff ARRISTE LLC prays for judgment against Defendant AIRROSTI REHAB CENTERS, LLC as follows:

1.    For a Declaratory Judgment that Plaintiff's U.S. Trademark Registration No. 5,985,519 for the "ARRISTE" mark is valid and enforceable;

2.    For a Declaratory Judgment that Plaintiff's use of the mark "ARRISTE" does not infringe Defendant's trademark rights, or any other rights.

3.    For costs of suit herein; and

4.    For such other and further relief as the Court may deem just and proper.

Dated: April 21, 2021

Respectfully submitted,

By: */s/ Richard A. Illmer*
       Richard A. Illmer
       Texas Bar No. 24007574
       Richard.Illmer@HuschBlackwell.com

**Husch Blackwell LLP**
1900 N. Pearl Street, Suite 1800
Dallas, Texas 75201
(214) 999-6100
(214) 999-6170 *facsimile*

Dustin L. Taylor
Texas Bar No. 24088510
Dustin.Taylor@huschblackwell.com

**Husch Blackwell, LLP**
1801 Wewatta Street, Suite 1000
Denver, Colorado 80202
(303) 749-7200
(303) 749-7272 *facsimile*

Lawrence C. Ecoff, Esq.*
Alberto J. Campain, Esq.*
*pro hac vice to be submitted*

**ECOFF CAMPAIN & TILLES, LLP**
280 S. Beverly Drive, Suite 504
Beverly Hills, California 90212
(310) 887-1850
(310) 887-1855 *facsimile*

*Attorneys for Plaintiff Arriste LLC*